IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FARMERS INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE, COAST NATIONAL INSURANCE COMPANY, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, FARMERS INSURANCE COMPANY OF WASHINGTON, FARMERS INSURANCE COMPANY OF OREGON, 21ST CENTURY PACIFIC INSURANCE COMPANY,** and **21ST CENTURY INSURANCE COMPANY,**<br><br>     Plaintiffs,<br><br>     v.<br><br>**FIRST CHOICE CHIROPRACTIC & REHABILITATION, SUNITA BHASIN, DAVID PETROFF, KELLY COLEY, DAVID AVOLIO, JOEL INGERSOLL, SEAN ROBINS, PARDIS TAJIPOUR, MARCUS COOL, AARON DAVISON,** and **AJAY MOHABEER**,<br><br>     Defendants. | Case No. 3:13-cv-01883-PK<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

PAGE 1 – OPINION AND ORDER

United States Magistrate Paul Papak issued Findings and Recommendation in this case on June 10, 2015. Dkt. 145. Judge Papak recommended that: (1) Plaintiffs' Motion for Partial Summary Judgment (Dkt. 93) be granted and Defendants' Fourth, Sixth, and Seventh Counterclaims for defamation, tortious interference with contract, and tortious interference with prospective economic advantage be dismissed; (2) Defendants' Cross-Motion for Partial Summary Judgment (Dkt. 128) be denied as it applies to Plaintiffs' Fifth cause of action under the UTPA; (3) Defendants' Cross-Motion be granted in part as it applies to: (a) Plaintiffs' claims for violation of RICO and ORICO (Second, Third, and Fourth causes of action), and to the extent Plaintiffs seek recovery on claims for which they have received partial or full reimbursement; (b) Plaintiffs' common law fraud claim (First cause of action), to the extent Plaintiffs seek recovery on claims for which they have received partial or full reimbursement; and (c) Plaintiffs' unjust enrichment claim (Sixth cause of action), to the extent Plaintiffs seek recovery on claims for which they have received partial or full reimbursement; (4) Plaintiffs' Motion to Strike the Declaration of Robert Dietz, as articulated in its Response to First Choice's Motion for Partial Summary Judgment (Dkt 140), be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require

PAGE 2 – OPINION AND ORDER

a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review *de novo* magistrate's findings and recommendation if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendation for "clear error on the face of the record."

Plaintiffs timely filed objections (Dkt. 147) to which Defendants responded (Dkt. 148). Specifically, Plaintiffs objected to Judge Papak's findings regarding Plaintiffs' claims for: (1) violation of RICO and ORICO (Second, Third, and Fourth causes of action); (2) common law fraud (First cause of action); and (3) unjust enrichment (Sixth cause of action). The Court has reviewed *de novo* Judge Papak's Findings and Recommendation, as well as Plaintiffs' objections and Defendants' response. The Court agrees with Judge Papak's reasoning and adopts the Findings and Recommendation.

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Papak's Findings and Recommendation. Dkt. 145. Plaintiffs' Motion for Partial Summary Judgment (Dkt. 93) is GRANTED, and Defendants' Fourth, Sixth, and Seventh Counterclaims for defamation, tortious interference with contract, and tortious interference with prospective economic advantage are DISMISSED. Defendants' Cross-Motion for Partial Summary Judgment (Dkt. 128) is DENIED as it applies to Plaintiffs' Fifth cause of

PAGE 3 – OPINION AND ORDER

action under the UTPA. Defendants' Cross-Motion is GRANTED in part as it applies to: (a) Plaintiffs' claims for violation of RICO and ORICO (Second, Third, and Fourth causes of action), and to the extent Plaintiffs seek recovery on claims for which they have received partial or full reimbursement; (b) Plaintiffs' common law fraud claim (First cause of action), to the extent Plaintiffs seek recovery on claims for which they have received partial or full reimbursement; and (c) Plaintiffs' unjust enrichment claim (Sixth cause of action), to the extent Plaintiffs seek recovery on claims for which they have received partial or full reimbursement. Plaintiffs' Motion to Strike the Declaration of Robert Dietz, as articulated in its Response to First Choice's Motion for Partial Summary Judgment (Dkt 140), is DENIED.

**IT IS SO ORDERED**.

DATED this 22nd day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge