IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FARMERS INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, TRUCK INSURANCE EXCHANGE; COAST NATIONAL INSURANCE COMPANY, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, FARMERS INSURANCE COMPANY OF WASHINGTON, FARMERS INSURANCE COMPANY OF OREGON, 21ST CENTURY PACIFIC INSURANCE COMPANY, and 21ST CENTURY INSURANCE COMPANY**, <br><br>         Plaintiffs, <br><br>    v. <br><br>**FIRST CHOICE CHIROPRACTIC & REHABILITATION, SUNITA BHASIN, DAVID PETROFF, KELLY COLEY, PARDIS TAJIPOUR, and AJAY MOHABEER**, <br><br>         Defendants. | Case No. 3:13-cv-01883-PK <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendations in this case on February 25, 2016. Dkt. 319. Plaintiffs, a group of insurance companies, allege that

PAGE 1 – ORDER

Defendants, a chiropractic clinic and its staff, submitted fraudulent insurance claims. Judge Papak recommended that the Court deny as moot Defendants' Motion to Amend (Dkt. 231); grant in part and deny in part Defendants' Second Motion for Summary Judgment (Dkt. 172); grant in part and deny in part Defendants' Third Motion for Summary Judgment (Dkt. 182); grant in part and deny in part Defendants' Motions to Strike (Dkts. 236, 288); deny Plaintiffs' Second Motion for Partial Summary Judgment (Dkt. 184); deny Plaintiffs' Third Motion for Partial Summary Judgment (Dkt. 206); deny Plaintiffs' Fourth Motion for Partial Summary Judgment (Dkt. 211); and deny Plaintiffs' Motions to Strike (Dkts. 295, 297).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ.

PAGE 2 – ORDER

P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants timely filed objections (Dkts. 321, 323), to which Plaintiffs responded (Dkt. 330). Plaintiffs also timely filed objections (Dkts. 324, 325, 326, 327), to which Defendants responded (Dkts. 331, 332). For those portions of Judge Papak's Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. For those portions of Judge Papak's Findings and Recommendations to which the parties objected, the Court has reviewed *de novo* Judge Papak's Findings and Recommendations, as well as the parties' objections and responses to objections. In this Order, the Court comments upon three specific matters raised by the parties in their objections. With regard to the remainder of the matters addressed in the parties' objections, the Court agrees with Judge Papak's reasoning and adopts those portions of the Findings and Recommendations.

**A. Plaintiffs' Objection to the Recommendations on Defendants' First Motion to Strike**

Plaintiffs object to Judge Papak's recommendation that Defendants' First Motion to Strike be granted to the extent it seeks to strike as inadmissible hearsay the testimony of former patients contained in Exhibit 22 of the Declaration of John Darnell.[1] Dkt. 324 at 2-5. Plaintiffs argue that Judge Papak's citation to Fed. R. Civ. P. 32(a)(1) was erroneous because Exhibit 22

---

[1] In Defendants' response to Plaintiffs' objections, Defendants argue that Judge Papak's findings regarding Defendants' First Motion to Strike are subject to clear error, rather than *de novo*, review. Dkt. 331 at 8 (Defendants' Response to Plaintiffs' Objections) (citing *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991)). The Court agrees that "'[p]retrial orders of a magistrate under 636(b)(1)(A) are reviewable under the clearly erroneous and contrary to law standard; they are not subject to *de novo* determination. . . .'" *Grimes*, 951 F.2d at 241 (quoting *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (9th Cir. 1981)). Here, however, Judge Papak's findings regarding Defendants' First Motion to Strike properly are considered as part of his Findings and Recommendations regarding the parties' summary judgment motions, which are subject to *de novo* review under 28 U.S.C. § 636(b)(1).

presents sworn testimony that is no different than an affidavit or declaration for summary judgment purposes. *See Curnow v. Ridgecrest Police*, 952 F.2d 321, 323-24 (9th Cir. 1991) (holding that answers to questions given under oath and transcribed by a court reporter were properly considered as an affidavit under Fed. R. Civ. P. 56(c)); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966-67 (9th Cir. 1981) (holding that depositions in which opposing counsel did not have the opportunity for cross-examination met the requirements for affidavits under Fed. R. Civ. P. 56(c)). It may be correct that under *Curnow* and *Hoover*, the testimony of former patients in Exhibit 22 should be treated as affidavits for purposes of summary judgment.[2] Although the affidavits themselves would not be admissible in evidence, Plaintiffs could call the former patients as witnesses at trial. Thus, the Court declines to adopt Judge Papak's recommendation that Defendants' First Motion to Strike be granted to the extent it seeks to strike as inadmissible hearsay the testimony of former patients contained in Exhibit 22 of the Declaration of John Darnell. The Court notes, however, that considering the testimony of these former patients on summary judgment does not affect the other portions of Judge Papak's Findings and Recommendations.

**B. Plaintiffs' Objection to the Recommendations on Plaintiffs' Second Motion for Partial Summary Judgment**

Plaintiffs object to Judge Papak's recommendation that Defendants' representations regarding the undercover operatives ("UOs") are not actionable under Plaintiffs' common law fraud claim. Dkt. 327 at 7-8. Plaintiffs argue that whether Defendants' alleged misrepresentations regarding the UOs are actionable is irrelevant to Plaintiffs' Second Motion

---

[2] The Court notes that although Plaintiffs bring these controlling Ninth Circuit cases to this Court's attention in their objections to Judge Papak's Findings and Recommendations, it appears that Plaintiffs failed to cite to these cases in their discussion of Exhibit 22 in their Response in Opposition to Defendants' Motion to Strike. *See* Dkt. 290 at 27-29.

for Partial Summary Judgment because Plaintiffs seek a finding of fact that Defendants falsified the chart notes of the UOs. Judge Papak correctly found that Plaintiffs' claim regarding UO 1 was time-barred. Judge Papak also correctly found that Plaintiffs cannot claim that they were damaged by any purported fraud relating to UO 2's treatment at FirstChoice because UO 2 was not insured by Plaintiffs. Thus, because the finding requested by Plaintiffs will have no bearing on Plaintiffs' claim, it appears that Plaintiffs are asking the Court for an advisory opinion. *See Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (stating that "federal courts may not issue advisory opinions") (citing U.S. Const. art. III; *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). Because Judge Papak correctly found that Plaintiffs' claim regarding the UOs is not actionable under common law fraud, the Court will not provide what is effectively an advisory opinion regarding whether one of the elements of that common law fraud claim is satisfied. Accordingly, the Court adopts Judge Papak's recommendations concerning Plaintiffs' Second Motion for Partial Summary Judgment.

### C. Plaintiffs' Objection to the Recommendations on Defendants' Second Motion for Summary Judgment

Plaintiffs object to Judge Papak's recommendation that Plaintiffs' UTPA damages be reduced by the amount that Plaintiffs have already been reimbursed by other insurers. Dkt. 325 at 35. Judge Papak stated that he previously determined in his June 10, 2015, Findings and Recommendations (Dkt. 145) that damages under Plaintiffs' First, Second, Third, and Fourth Claims for relief must be reduced by the amount that Plaintiffs have already been reimbursed by other insurers.[3] Dkt. 319 at 59. In Defendants' Second Motion for Summary Judgment, Defendants argued that Farmers' UTPA damages also should be reduced by that amount. Judge

---

[3] This Court adopted Judge Papak's June 10, 2015 Findings and Recommendations. Dkt. 157 (July 22, 2015 Opinion and Order).

Papak noted that Plaintiffs did not provide any argument in response and found that for the reasons set forth in his June 10, 2015, Findings and Recommendations, Plaintiffs' UTPA damages should be reduced by the amount that Plaintiffs have already been reimbursed by other insurers.

In Plaintiffs' objection, Plaintiffs argue that Judge Papak erroneously stated that Plaintiffs failed to respond to Defendants' argument regarding this issue, and that the Court has previously denied Defendants' request to reduce Plaintiffs' UTPA damages. Plaintiffs identify a footnote in their Response to Defendants' Second Motion for Summary Judgment that states:

> This Court has previously denied Defendants' Motion for Summary Judgment regarding UTPA. See Dkt. 145 & Dkt. 157. Again, Defendants failed to timely seek reconsideration. As such, Defendants cannot again move on the same issue. As a result, Defendants' motion must be denied.

Dkt. 251 at 65 n.12.

Judge Papak's June 10, 2015, Findings and Recommendations, to which Plaintiffs' footnote refers, construed Defendants' Cross-Motion for Partial Summary Judgment as moving against "'all amounts plaintiffs claim as damages for which they have already been reimbursed' under Farmers['] First, Second, Third, and Fourth claims for relief. . . . First Choice also moves for summary judgment against . . . Farmers' UTPA [Sixth] claim." Dkt. 145 at 17. In Defendants' Cross-Motion for Partial Summary Judgment, Defendants argued that Plaintiffs' UTPA claim should be dismissed in its entirety because Plaintiffs lack standing to sue under the UTPA.[4] Dkt. 128 at 18. Judge Papak denied Defendants' Cross-Motion for Partial Summary Judgment because he found that Plaintiffs did have standing under the UTPA. He did not reach

---

[4] The Court notes that in Defendants' Cross-Motion for Partial Summary Judgment, Defendants briefly asserted that "damages [under the UTPA do] not exist for the reasons already stated [with regard to Plaintiffs' other claims] as to reimbursed bills." Dkt. 128 at 18. This additional comment, however, was not fully addressed by the parties in their briefing.

PAGE 6 – ORDER

the question whether Plaintiffs' damages under the UTPA should be reduced by the amount that Plaintiffs have already been reimbursed by other insurers.

Thus, Plaintiffs' argument that Defendants have previously moved on Plaintiffs' amount of damages under the UTPA, and that the Court has already ruled on this issue, is unavailing. Plaintiffs' Response to Defendants' Second Motion for Summary Judgment did not specifically address Defendants' argument that Plaintiffs' UTPA damages should be reduced by the amount that Plaintiffs have already been reimbursed by other insurers. Accordingly, Judge Papak was correct in finding that Plaintiffs did not provide any responsive argument regarding this matter.

The Court, however, will allow Plaintiffs to address whether their claim for damages under the UTPA should be reduced by the amount that Plaintiffs have already been reimbursed by other insurers. Thus, the Court declines to adopt Judge Papak's recommendation regarding this issue. Plaintiffs have two weeks from the date of this Order to submit their legal argument as to why their claim for damages under the UTPA should not be reduced by the amount that they have already been reimbursed by other insurers. Plaintiffs, however, may not reargue that issue concerning their First, Second, Third, and Fourth Claims, but may only address why their Sixth Claim, under the UTPA, is different, if it is. Defendants will then have two weeks to reply. After Defendants file their reply, the undersigned Court will rule on the matter.

## CONCLUSION

The Court ADOPTS IN PART Judge Papak's Findings and Recommendations. Dkt. 319. Defendants' Motion to Amend (Dkt. 231) is DENIED as moot. Defendants' Second Motion for Summary Judgment (Dkt. 172) is GRANTED IN PART AND DENIED IN PART, as described in Judge Papak's Findings and Recommendations (Dkt. 319), with the exception of Judge Papak's recommendation that Plaintiffs' UTPA damages should be reduced by the amount that Plaintiffs have already been reimbursed by other insurers. The parties will submit additional

PAGE 7 – ORDER

briefing on that issue as directed in this Order. Defendants' Third Motion for Summary Judgment (Dkt. 182) is GRANTED IN PART AND DENIED IN PART, as described in Judge Papak's Findings and Recommendations (Dkt. 319). Defendants' First Motion to Strike (Dkt. 236) is GRANTED IN PART AND DENIED IN PART. Defendants' First Motion to Strike is GRANTED to the extent it seeks to strike paragraph 65 of the Darnell Declaration. Defendants' First Motion to Strike is DENIED in all other respects. Defendants' Second Motion to Strike (Dkt. 288) is DENIED. Plaintiffs' Second Motion for Partial Summary Judgment (Dkt. 184) is DENIED. Plaintiffs' Third Motion for Partial Summary Judgment (Dkt. 206) is DENIED. Plaintiffs' Fourth Motion for Partial Summary Judgment (Dkt. 211) is DENIED. Plaintiffs' Motions to Strike (Dkts. 295, 297) are both DENIED.

**IT IS SO ORDERED.**

DATED this 15th day of April, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – ORDER